IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Raythum Johnson, | ) | C/A No. 3:24-3749-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Nathaniel Moody; Brown Funeral Home, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Raythum Johnson, a self-represented individual, filed this breach of contract action against Defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendants' motion to dismiss. (ECF No. 5.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. (ECF No. 8.) Plaintiff filed a response in opposition to the motion and self-styled cross-motion for summary judgment[1] (ECF No. 16), and Defendants filed a reply (ECF No. 17). Having reviewed the record presented and the applicable law, the court finds Plaintiff's complaint is subject to dismissal for lack of jurisdiction. Accordingly, Defendants' motion to dismiss should be granted.

**BACKGROUND**

The following allegations are taken as true for purposes of resolving Defendants' motion to dismiss. Plaintiff, a citizen of South Carolina, brings this action against Brown's Funeral Home,

---

[1] While Plaintiff's filing is styled as a cross-motion for summary judgment, it responds only to Defendants' motion to dismiss and does not present argument in favor of summary judgment for the plaintiff. To the extent the filing could be construed as a motion for summary judgment, that motion should be denied for the reasons discussed herein.

Ltd., a company operating out of Michigan, and its employee Nathaniel Moody, an individual who is a citizen of Michigan. (Compl., ECF No. 1 at 3.) Plaintiff alleges that after Brown's Funeral Home, Ltd. performed the cremation of Plaintiff's mother's remains, it mailed the cremains to Plaintiff's sister, in violation of the alleged contract between Plaintiff and the funeral home. (Compl., ECF No. 1 at 4.) Plaintiff seeks actual damages of $1,766.00 and exemplary damages for stress and anguish of $248,234.00. (Id.)

## DISCUSSION

**A.     Rule 12(b)(1) Standard**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), if the moving party contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, the court must assume that the facts alleged in the complaint are true. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). If the moving party contends the facts alleged are untrue, the court may resolve factual dispute by weighing evidence necessary to determine whether the court has jurisdiction. Id.

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion to Dismiss**

Defendants assert this court lacks subject matter jurisdiction over Plaintiff's Complaint. (Defs.' Mot. Dismiss, ECF No. 5 at 3.)  The court agrees.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331 , and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332.  As discussed below, the allegations contained in Plaintiff's complaint do not fall within the scope of either of these forms of this court's limited jurisdiction.

First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Plaintiff's allegations do not assert that Defendants have violated a federal statute or constitutional provision.

Instead, Plaintiff alleges only a state law cause of action for breach of contract. Therefore, Plaintiff has failed to show that federal question jurisdiction exists over this case.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). Here, the parties agree diversity of citizenship exists. (See Compl., ECF No. 1 at 3; Defs.' Mot. Dismiss, ECF No. 5 at 3.) However, Defendants contend the amount in controversy does not satisfy the jurisdictional threshold under 28 U.S.C. § 1332(a). (Defs.' Mot. Dismiss, ECF No. 5 at 3-4.)

Courts generally determine the amount in controversy by reference to the plaintiff's complaint. See Wiggins, 644 F.2d at 1016 ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."). However, "where a defendant or the court challenges the plaintiff's allegations regarding the amount in question, the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995).

Here, Plaintiff alleges an amount in controversy totaling $250,000.00, well over the jurisdictional amount. (See Compl., ECF No. 1 at 3-4.) However, his alleged actual damages are only $1,766.00. (Id. at 4.) According to the Complaint, the remainder of the amount in controversy is comprised of "exemplary" damages for stress and anguish. (Id.)

In a purported diversity action for breach of contract, the recoverable damages are determined by state law. While it is unclear whether the laws of South Carolina or Michigan would govern this matter, neither state allows recovery of damages related to mental anguish in actions

for breach of contract. See Tompkins v. Eckerd, C/A No. 8:09-2369-JMC, 2012 WL 1110069, at *4 (D.S.C. Apr. 3, 2012) ("This court has expressly held that emotional distress damages are never recoverable under South Carolina law for breach of contract, no matter what the intent of the breaching party was in failing to fulfill its obligations."); Thompson v. Brown, C/A No. 7:19-2504-TMC-JDA, 2019 WL 6255829, at *4 (D.S.C. Oct. 3, 2019) (collecting cases), R&R adopted by 2019 WL 6255134 (D.S.C. Nov. 22, 2019); Kewin v. Mass. Mut. Life Ins. Co., 295 N.W. 2d 50, 55 (Mich. 1980) (explaining that neither damages for mental anguish nor other exemplary damages are recoverable for breach of contract). While the amount in controversy is generally determined from the complaint, "it must appear reasonably possible that the complainant may recover an amount in excess of the jurisdictional amount." Ballenger v. Harford Life Ins. Co., C/A No. 6:08-2354-HMH, 2008 WL 113497762, at *2 (D.S.C. Aug. 8, 2008). Here, it is not reasonably possible for Plaintiff to recover the alleged exemplary damages for mental anguish, so the amount in controversy is reduced to the amount of Plaintiff's alleged actual damages—$1,766.00. That amount does not satisfy the jurisdictional threshold of 28 U.S.C. § 1332(a).

    Plaintiff's response to Defendants' motion to dismiss does not address the amount in controversy. (See generally Pl.'s Resp., ECF No. 16.) Rather, Plaintiff offers a list of alleged genuine issues of material fact that would preclude summary judgment. (Id. at 1-2.) Defendants, however, have not moved for summary judgment, but for dismissal under Rule 12(b)(1). See Abbott v. Pastidies, 900 F.3d 160, 175 n.8 (4th Cir. 2018) ("Ordinarily, of course, a lack of subject-matter jurisdiction will lead to dismissal under Rule 12(b)(1), rather than summary judgment under Rule 56(c), which suggests a decision on the merits.") Accordingly, Plaintiff fails to show any basis for federal jurisdiction over this matter.

## RECOMMENDATION

Based on the foregoing, the court recommends Defendants' motion to dismiss for lack of subject matter jurisdiction (ECF No. 5) be granted and the Complaint dismissed without prejudice.

September 30, 2024  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).